UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADONAI EL-SHADDAI,

    Plaintiff,

v.

BOARD OF PAROLE HEARINGS, et al.,

    Defendants.

Case No. 18-cv-05567-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

## I. INTRODUCTION

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate Order.

On November 6, 2018, Magistrate Judge Virginia K. Demarchi issued an Order directing the Clerk of the Court to reassign this case to a district judge pursuant to *Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017) (magistrate judge lacks jurisdiction over a case unless all named parties, including unserved ones, consent to magistrate judge's jurisdiction). The case was then reassigned to the undersigned district judge, who now reviews Plaintiff's complaint pursuant to 28 U.S.C. §1915. For the reasons set forth below, the Court DISMISSES the complaint without prejudice to Plaintiff filing his claim in a habeas action under 28 U.S.C. § 2254.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claim

In the instant complaint, Plaintiff does not challenge the conditions of his confinement, but instead challenges the denial of parole and seeks a declaratory judgment that his continued confinement is unlawful.

Plaintiff's claim should be brought in a federal habeas petition because challenges affecting the duration of confinement are at the core of habeas corpus. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006). Moreover, "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014).

Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for any alleged unlawful confinement by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## III. CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice to Plaintiff filing his claim in a habeas action under 28 U.S.C. § 2254.

The Clerk shall enclose two copies of the Court's form petition with a copy of this Order to Plaintiff, terminate all pending motions, and close the file.

IT IS SO ORDERED.

Dated: November 27, 2018

YVONNE GONZALEZ ROGERS
United States District Judge

2